**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

CIVIL ACTION NO. 1:13-cv-00298-WTL-TAB

PERFORMANCE DYNAMICS, INC.                                                    PLAINTIFF


v.


TIMOTHY FLYNN; ANDREW BENNETT;
ROBERT WAINNER; LAURENCE BENZ;
COLORADO PHYSICAL THERAPY SPECIALISTS, LLC, PC;
TEXAS PHYSICAL THERAPY SPECIALISTS, PC;
EVIDENCE IN MOTION, LLC                                                    DEFENDANTS

**DEFENDANTS' RESPONSE TO**
**MOTION TO ENFORCE MEDIATION AGREEMENT**

For their response to Plaintiff's Motion to Enforce Mediation Agreement (DN104),

Defendants Timothy Flynn, Andrew Bennett, Robert Wainner, Laurence Benz, and Evidence in

Motion, LLC (collectively the "Defendants"), by counsel, state as follows:

1.      Plaintiff has accurately and correctly identified the sentence in the mediation

settlement agreement signed late on April 20, 2015, that is the source of disagreement and

dispute between the parties.

2.      That sentence – "No other instrumented soft tissue treatment shall be provided at

any such facility" – should have been struck from the mediation settlement agreement or made

subject to the "recommend and encourage" language that was handwritten in the margin of the

document nearby.

3.      Counsel for the defendants orally advised all other persons at the mediation,

including the Magistrate Judge, plaintiffs' representatives, and counsel for plaintiff, that the

defendants could not agree to any provision in the settlement agreement that would limit the use

of treatments that individual physical therapists in their professional judgment deemed necessary for their patients.

4.      If included in the settlement agreement and enforced the disputed sentence would violate the corporate practice of medicine doctrine notwithstanding the conclusion (not expressed in a formal opinion latter) by plaintiff's separate retained "expert on healthcare law."

5.      If included in the settlement agreement and enforced the disputed sentence would violate public policy and potentially put the defendants in the position of violating the law and/or the injunction that is also part of the settlement.  Defendants cannot enter into a settlement agreement that puts them in such an untenable position.

6.      Defendants' counsel proposed the following language for inclusion in the settlement agreement in a good faith effort to resolve the dispute:

> No other proprietary or commercial soft tissue treatment shall be provided at any such facility.  Notwithstanding the foregoing, PDI acknowledges and agrees that the individual therapists may use generic, non-proprietary or non-patented instruments that he or she deems appropriate, in his or her professional judgment, for the treatment of the patient, including but not limited to foam rollers, therapy balls, puddy, common cans (such as soup from a grocery store), roller balls, and knob handles.

7.      Although plaintiff's counsel advised that "we have no intention of trying to enforce this injunction against those unrelated types of activities," plaintiff is unwilling to either accept that language as part of the settlement agreement or enter into a separate letter agreement to confirm the agreement and understanding of the parties on the point.

8.      Defendants do not object to a briefing schedule and hearing on this issue as requested by plaintiff in Paragraph No. 11 of its motion.

9.      Defendants, after consultation with plaintiff's counsel, propose that initial briefs be due from each side in thirty (30) days; responses from each side be due fourteen (14) days thereafter; and a hearing held thereafter.

Respectfully submitted,

s/ Benjamin C. Fultz
Benjamin C. Fultz   #17040-10
John David Dyche (admitted *pro hac vice*)
FULTZ MADDOX DICKENS PLC
101 S. Fifth Street, 27th Floor
Louisville, Kentucky  40202-3116
Phone:  (502) 588-2000
Facsimile: (502) 588-2020

*Counsel for Defendants*


## CERTIFICATE OF SERVICE

I certify that on September 23, 2015, I electronically filed the foregoing document through the CM/ECF System, which will send a notice of electronic filing to:

Scott E. Shockley
Matthew L. Kesley
400 South Walnut Street, Suite 200
Muncie, IN  47305

*Counsel for Plaintiffs*


Bryce H. Bennett, Jr.
Nicholas C. Dugan
141 East Washington Street, Fourth Floor
Indianapolis, Indiana 46204

*Counsel for Defendants Texas PTS and
Andrew Bennett*

s/  Benjamin C. Fultz
*Counsel for Defendants*