UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PERFORMANCE DYNAMICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:13-cv-298-WTL-TAB |
| ) | |
| TIMOTHY FLYNN, et al., ) | |
| ) | |
| Defendants. ) | |

### ENTRY REGARDING MOTION TO ENFORCE MEDIATION AGREEMENT

The Plaintiff in this case has filed a motion to enforce mediation agreement, purportedly pursuant to this District's Local A.D.R. Rule 2.6(e)(3). Those rules are inapplicable to the mediation agreement in this case, however, as it was reached during a settlement conference with the Magistrate Judge. *See* S.D.Ind. Local A.D.R. Rule 1.1(b) ("Settlement conferences conducted by Judges and Magistrate Judge of the Court are not governed by these Rules.").

The Plaintiff shall file its brief in support of its motion to enforce **within 28 days of the date of this Entry**. The Defendant shall file its response **within 14 days of the date the Plaintiff's brief is filed**. The Plaintiff may file a reply brief **within 7 days of the date the response brief is filed**. Supporting affidavits and other evidence addressing any factual disputes relevant to the issues raised in the briefs shall be filed along with the briefs. If either party believes an evidentiary hearing is necessary, they shall explain why and list the witnesses to be called at the hearing and an estimate of the amount of time the hearing would take. After reviewing the parties' briefs, the Court will set a hearing if it deems it necessary or believes it would be helpful. The Court encourages the parties to continue their efforts to resolve their dispute among themselves.

In addition, the Court notes that on April 9, 2015, it entered the following Entry Regarding Jurisdictional Allegations:

> The Defendants removed this case from state court on the basis of diversity jurisdiction. While the Defendants assert generally in their notice of removal that this case "is between citizens of different states" and that none of the Defendants is a citizen of Indiana, the Defendants do not set forth the states of citizenship of the Defendants. So that the Court can ensure that this case is properly before it, the Defendants shall, within 14 days of the date of this Entry, file a supplemental jurisdiction statement that sets forth the states of citizenship of all of the parties to this case. The Court notes that it appears that two of the Defendants are limited liability companies, and for purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of each of its members, not its state of incorporation and state of its principal place of business. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

No supplemental jurisdiction statement has been filed. **The Defendants shall file a supplemental jurisdiction statement that provides the requisite information regarding the parties' citizenship within 7 days of the date of this Entry.** The Court cannot resolve the parties' dispute until the Court's jurisdiction over this case has been established.

SO ORDERED: 10/28/15

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification