# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| PERFORMANCE DYNAMICS, INC, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. 1:13-cv-298-WTL-MJD |
| TIMOTHY W. FLYNN, *et al.*, | ) |
| Defendants. | ) |

## ENTRY REGARDING INJUNCTION

In its entry on the Defendants' motion to reconsider (Dkt. No. 124), the Court directed the parties to submit a proposed injunction within ten days of the date of the Court's entry. The parties have submitted proposed injunctions. Before discussing the propriety of an injunction in this matter, the Court presents a brief summary of this case's procedural history to provide context.

Plaintiff Performance Dynamics, Inc. ("Performance Dynamics") alleges in its Amended Complaint that it maintains proprietary rights in a physical therapy methodology known as ASTYM®. The Defendants consist of both business entities providing continuing education to physical therapists and those providing physical therapy to patients, as well as the individuals who own or are in upper management of the defendant business entities. Performance Dynamics alleges that it entered into service, confidentiality, and other agreements with the Defendants, who then copied its ASTYM® method, adopted the method as its own, trained others in the method under a different name, disclosed Performance Dynamics' confidential information, and did not pay Performance Dynamics according to their agreements. Performance Dynamics asserts claims against the Defendants for breach of contract, misappropriation of confidential

information in violation of the Indiana Trade Secrets Act, violations of the Lanham Act, common law trademark infringement, unfair competition, and tortious interference. In January 2015, the Defendants moved to dismiss a portion of the claims and filed counterclaims against Performance Dynamics, alleging breach of contract, fraudulent misrepresentation, and violation of the Virginia Wiretap Act. In February 2015, Performance Dynamics moved for partial summary judgment as to the Defendants' fraudulent misrepresentation and violation of Virginia Wiretap Act counterclaims.

With those motions pending, Judge Baker held a settlement conference on April 20, 2015. The settlement conference lasted approximately six hours. All parties were represented by counsel for the duration of the conference. A settlement agreement was executed at the conference (the "mediation agreement"). The mediation agreement was memorialized on seven pages, including two pages containing handwritten mark-ups to a document that had been provided by Performance Dynamics' counsel to defense counsel on April 17, 2015; a sheet of notebook paper with handwritten terms; and three pages containing handwritten mark-ups to a proposed permanent injunction entry that had been provided by Performance Dynamics' counsel to defense counsel on April 16, 2015 (Dkt. No. 108-1).

Defense counsel agreed to compose a clean, typewritten version of the mediation agreement. On June 4, 2015, defense counsel sent a typed document entitled "Settlement Agreement and Mutual Release" to Performance Dynamics' counsel. *See* Dkt. No. 113-1. The typed version intentionally omitted the following term from the mediation agreement: "No other instrumented soft tissue treatment shall be provided at any such facility" (the "Omitted Term"), which the Defendants maintain "should have been either struck from the document that was signed at the conclusion of the settlement conference" or that the mediation agreement should

2

have been otherwise altered to give no effect to the Omitted Term. Dkt. No. 112 at 3-4. In response to the Defendants' attempt to omit the term, Performance Dynamics moved to enforce the terms of the mediation agreement (Dkt. No. 104).

On July 18, 2016, the Court granted the Plaintiff's motion to enforce mediation agreement and requested that the parties submit to the Court a proposed injunction within fourteen days (Dkt. No. 115). Instead of filing a proposed injunction, the Defendants asked the Court to reconsider its decision to deny the parties' request for a hearing and also to ask the Court to reconsider in its entirety its entry on the Plaintiff's motion to enforce mediation agreement (Dkt. No. 120).

On May 3, 2017, the Court denied in its entirety the Defendants' motion to reconsider (Dkt. No. 124). In that entry, the Court again directed the parties to submit a proposed injunction within ten days of the date of its entry, and informed the parties that, if they did not do so, the Court would rely on and evaluate the injunction terms contained in the agreement resulting from the settlement conference on April 20, 2015, *i.e.*, pages four through seven of Docket Number 108-1 (the "April 20, 2015, Injunction").

The parties did not submit a single proposed document. Instead, the Plaintiff submitted what it purported to be "a 'clean' version" of the April 20, 2015, Injunction, Dkt. No. 127 (referring to Dkt. No. 127-1), that introduced new language to its terms, and the Defendants similarly submitted a new proposed "Entry" that they stated "better reflects the current procedural and substantive posture of this action" and "more accurately reflects the intent and language of the draft injunction . . . that emerged from the April 20, 2015, settlement conference," Dkt. No. 128 at 1 (referring to Dkt. No. 128-1). The Court now considers the propriety of entering an injunction in this case.

The terms presented in the April 20, 2015, Injunction state that they are "before the Court on the Joint Motion of the Parties for entry of an Order of Permanent Injunction." Dkt. No. 108-1 at 1. That, however, is not the case; as the Defendants note, the parties did not submit a joint motion for entry of an order of permanent injunction. *See* Dkt. No. 128 at 5. Instead, the terms presented in the April 20, 2015, Injunction are before the Court as part of a mediation agreement between the parties. The Court notes that the broader mediation agreement contemplates the entry of an injunction, (*see* Dkt. No. 108-1 at 2), but does not condition the obligations of the mediation agreement on the entry of an injunction or relieve the parties from the obligations of the mediation agreement if an injunction is not entered.

The Court, having reviewed the terms of the various proposed injunctions, now declines to enter an injunction in this case. None of the proposed injunctions are entirely consistent with the terms of the parties' mediation agreement. For example, the proposed terms prevent the Defendants from "making representations about, or advising anyone in ASTYM® therapy." Dkt. Nos. 108-1 at 6; 127-1 at 3; and 128-1 at 4. Such language would not allow the Defendants to discuss ASTYM® therapy with patients, even if that were the treatment patients were receiving, nor would it allow the Defendants to recommend to patients that they engage in ASTYM® therapy in the first place. The mediation agreement, however, contemplates allowing the Defendants to do both of these things. *See* Dkt. No. 108-1 at ¶3.

The Court declines to enter an injunction that, from the outset, presents problems of interpretation and enforcement. It was certainly possible for the parties to draft an appropriate injunction, but they have failed to do so. The Court's determination that the terms of the

mediation agreement are enforceable is undisturbed by this Entry, *i.e.*, the agreement set forth in pages one through three of Docket Number 108-1 remains in effect.[1]

SO ORDERED: 8/25/17

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[1] Docket Number 113-4 contains the unredacted version of page one of Docket Number 108-1.

5